28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leydell BAKER, Plaintiff-Appellant,
v.
McNEIL ISLAND CORRECTIONS CENTER, Defendant-Appellee.
 No. 93-35232.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leydell Baker, a Washington state prisoner, appeals pro se from the district court's judgment, following a bench trial, in favor of the McNeil Island Corrections Center (MCC) in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e to 2000e-17. Baker alleged that, because he is black, MCC failed to hire him as a library assistant. Baker contends the district court erred by finding that MCC articulated legitimate, nondiscriminatory reasons for not hiring him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's factual determinations underlying a Title VII claim. Intlekofer v. Turnage, 973 F.2d 773, 777 (9th Cir.1992).
 
 
 4
 Where, as here, a plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to state a legitimate, nondiscriminatory reason for its decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990). If the employer does so, then the burden shifts to the plaintiff to show that the stated reason is pretextual. Frangante, 888 F.2d at 595; see also Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1461-62 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). " 'Credibility determinations are insulated from appellate review.' " Jordan v. Clark, 847 F.2d 1368, 1375 (9th Cir.1988) (quoting Johnson v. United States v. Postal Serv., 756 F.2d 1461, 1464 (9th Cir.1985)), cert. denied, 488 U.S. 1006 (1989).
 
 
 5
 Here, the district court assumed without deciding that an employment relationship existed for purposes of Title VII. See, e.g., Baker v. McNeil Island Corrections Center, 859 F.2d 124 (9th Cir.1988) (leaving open the question whether an employment relationship under Title VII exists between an inmate and the Department of Corrections). The court further found that Baker had made a prima facie showing of employment discrimination regarding MCC's failure to hire him as assistant librarian. Therefore, we must determine whether MCC articulated legitimate, nondiscriminatory reasons for not hiring him.
 
 
 6
 At trial, MCC officials testified that: the assistant librarian job required interaction with other inmates and the ability to work unsupervised; Baker tended to be reclusive and did not interact openly and comfortably with other people; Baker needed direct supervision. We conclude that MCC met its burden of articulating legitimate, nondiscriminatory reasons for not hiring Baker for the assistant librarian position. See Foster, 772 F.2d at 1461-62.
 
 
 7
 The burden then shifted to Baker to demonstrate that MCC's explanations were a mere pretext for discrimination. Baker testified that he was not hired because the MCC did not want a "congregation of blacks in the library." Baker further testified that a MCC official informed him that he was next in line for the position because his name was at the top of a sign-up list. The official, however, denied making such a statement.
 
 
 8
 The district court found that Baker's testimony regarding MCC's alleged desire to keep blacks from congregating in the library was not supported by any evidence. Furthermore, based upon MCC's officials' testimony that no such practice existed, the court explicitly found that Baker erroneously believed that having his name at the top of the list meant he was next in line for the position. We therefore conclude that the district court did not clearly err by finding that Baker failed to demonstrate that MCC's reasons were a mere pretext for discrimination.[1] See Fragante, 888 F.2d at 599.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Baker also argues that the district court erred by granting summary judgment for MCC on his disparate impact claim, and allowing MCC to introduce psychological evaluations regarding Baker into evidence at trial. He further argues that the court violated his due process rights by not allowing MCC to give a closing argument; therefore, depriving his attorney of the opportunity to offer rebuttal. We have thoroughly considered these arguments and reject them